UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JODY K. MOSLEY,

    Plaintiff,

v.                                         Case No.  1:17-CV-11

J.R. GRACIA, Probate Court Judge,        HON. GORDON J. QUIST

    Defendant.
                                  /

## **OPINION**

Plaintiff, Jody K. Mosley, proceeding pro se, has filed a one-page complaint against J.R. Gracia, Probate Court Judge, which alleges:

1. Whom it may concern.  Under R. Gracia [sic], I have been falsely arrested. Warrants that shouldn't be.  Aretha Brown Borgess.
2. My doctor was run off.  Melvin Cherry.  So they wouldn't give my disability.
3. DHS/Chris Blood/Cathy Duegan has been violating my right/depriving me (help) as well as benifet [sic].
4. I've been almost set up, of which there [sic] still trying.
5. I have had all rights taken as father.  Violated every time in his court, abusing his powers..
6. Falsely incarserated [sic], as well harrassment [sic].

I'm asking for my rights, as a father. Plus I lived here all my life, where are my rights?  I want my baby's [sic] back.

(ECF No. 1.)

On January 5, 2017, the magistrate judge issued an order granting Mosley leave to proceed *in forma pauperis*.  (ECF No. 4.)  Pursuant to 28 U.S.C. § 1915(e)(2), the Court is required to dismiss any action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief.  28 U.S.C. § 1915(e)(2); *see also Benson v. O'Brian*, 179 F.3d 1014, 1016 (6th Cir.

1999) (holding that "§ 1915(e)(2) applies only to *in forma pauperis* proceedings"). The Court must read Podewell's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520, 92 S. Ct. 594, 596 (1972), and accept his allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33, 112 S. Ct. 1728, 1733 (1992).

Mosley sues a defendant immune from monetary relief, and he fails to state a claim. Thus, his complaint must be dismissed as required by § 1915(e)(2).

It is well established that a judge is absolutely immune from suit seeking monetary relief, so long as the judge was performing judicial functions. *See Mireles v. Waco*, 502 U.S. 9, 9-10, 112 S. Ct. 286, 288 (1991) (per curiam). "[J]udicial immunity is an immunity from suit, not just from ultimate assessment of damages." *Id.* at 11, 112 S. Ct. at 288. Judicial "immunity applies to actions brought under 42 U.S.C. § 1983 to recover for alleged deprivation of civil rights." *Stern v. Mascio*, 262 F.3d 600, 606 (6th Cir. 2001). A judge is not immune (1) where the judge's alleged actions were not taken in the judge's judicial capacity or (2) where the actions, although judicial in nature, were taken in the complete absence of jurisdiction. *Mireles*, 502 U.S. at 11-12, 112 S. Ct. at 288. "[T]he scope of the judge's jurisdiction must be construed broadly where the issue is the immunity of the judge. A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the 'clear absence of all jurisdiction.'" *Stump v. Sparkman*, 435 U.S. 349, 356-57, 98 S. Ct. 1099, 1105 (1978) (quoting *Bradley v. Fisher*, 80 U.S. 335, 351 (1871)) (footnote omitted).

In his complaint, Mosley complains about actions Judge Gracia took in his judicial capacity. Mosley does not allege that Judge Gracia was not acting as a judge or that the actions Judge Gracia took were performed in the complete absence of jurisdiction. Thus, Mosley's claim against Judge Gracia is barred to the extent it is for monetary relief.

A complaint may be dismissed for failure to state a claim if "'it fails to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 45-46 (1957). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). A court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft*, 556 U.S. at 678. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not 'show[n]' – that the pleader is entitled to relief." *Id.* at 679 (quoting FED. R. CIV. P. 8(a)(2)).

Mosley also fails to state a claim against Judge Gracia. Essentially, Mosley alleges that he disagrees with Judge Gracia's rulings. Moreover, Mosley's conclusory allegations fail under the standards of *Twombly* and *Iqbal* because they allege no more than a sheer possibility of misconduct.

An Order consistent with this Opinion will be entered.


Dated: February 7, 2017               /s/ Gordon J. Quist
                                     GORDON J. QUIST
                                UNITED STATES DISTRICT JUDGE

3